IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,091-01






EX PARTE CHALOM PITTMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W219-81522-03(HC) IN THE 219TH DISTRICT COURT


FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to thirty years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. Pittman v. State, No. 05-04-00582-CR (Tex. App.-Dallas, delivered May 12, 2005, pet.
ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because she opened
the door to the admission of Applicant's prior misconduct. On October 4, 2006, we remanded the
application and instructed the trial court to enter findings as to whether counsel's performance was
deficient and whether, as a result, Applicant was prejudiced. On remand, the trial court found that
counsel's performance was not deficient and that Applicant was not prejudiced. The trial court
concluded that counsel was not ineffective. 

 We believe, however, that the trial court's findings are not adequate to resolve Applicant's
claim. Specifically, the trial court failed to enter findings of fact on whether counsel opened the door
to the admission of Applicant's prior misconduct. We believe that the trial court should enter further
findings of fact. The trial court shall provide Applicant's trial counsel with a second opportunity to
respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether counsel opened the door
to the admission of Applicant's prior misconduct. If so, the trial court shall make findings as to
whether counsel's performance was deficient and whether her deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 21, 2007

Do not publish